# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation, | CASE NO. 8:11-cv-1529-T-30TBM |
| Plaintiff, | STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION |
| v. | |
| SAM HUNTER and PHYLLIS HUNTER, individually and jointly, d/b/a RAGS & BAGS, and DOES 1-10, | |
| Defendants. | |

Plaintiff, Chanel, Inc., a New York corporation ("Chanel" or "Plaintiff"), and Defendants, Sam Hunter and Phyllis Hunter, individually and jointly, d/b/a Rags & Bags (collectively the "Defendants"), stipulate (Dkt. #14) and consent to the following:

**WHEREAS**, the Defendants adopted and began using trademarks in the United States which allegedly infringed Chanel's various registered trademarks: ⓒⓒ, ⓒⓒ, ⓒ, and CHANEL (the "Chanel Marks") as identified in Paragraph 7, to Plaintiff's Complaint;

**WHEREAS**, the Defendants' use of names and marks which allegedly incorporate one or more of the Chanel Marks is likely to cause confusion as to source or origin;

**WHEREAS**, without the admission of any liability, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Plaintiff's good faith prior use of the Chanel Marks, Plaintiff's have superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. The Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action from:

    A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods; bearing the Chanel Marks;

    B. using the Chanel Marks in connection with the sale of any unauthorized goods;

    C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    D. falsely representing the Defendants as being connected with the Plaintiff, through sponsorship or association;

    E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with the Plaintiff;

    F. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or

        advertising of any goods sold by the Defendants, including, without limitation, costume jewelry, including necklaces and earrings, and handbags, scarves and sunglasses;

G.     affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

H.     offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff;

I.     secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

J.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2.     Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

  3. The causes of action between Plaintiff and Defendants Sam Hunter and Phyllis Hunter, individually and jointly, d/b/a Rags & Bags are hereby dismissed with prejudice.

  4. Each party shall bear its own attorney's fees and costs incurred in connection with this action.

  5. All Chanel branded products which are currently in the possession, custody and/or control of the Defendants shall be surrendered by the Defendants to Plaintiff, through its counsel, for destruction under the direction of the Plaintiff.

  DONE and ORDERED in Tampa, Florida on September 8, 2011.

*[Signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2011\11-cv-1529 Stipulated injunction 14.doc